IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

NICHOLAS FINLEY, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

ALTRUA MINISTRIES DBA ALTRUA HEALTHSHARE

    Defendant / Third-Party Plaintiff,

v.

CROWN ADMINISTRATORS, INC. d/b/a HEALTH ADMINS,

    Third-Party Defendant.

Case No. 1:25-cv-03653

Hon. Jeffery I. Cummings

_____/

## INITIAL STATUS REPORT

Plaintiff Nicholas Finley (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, Defendant/Third-Party Plaintiff Altrua Ministries dba Altrua HealthShare ("Altrua"), and Third-Party Defendant Crown Administrators, Inc. d/b/a Health Admins ("Crown") submit the attached report.

**1.**     **The Nature of the Case:**

    **A.**    **Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.**

Plaintiff:

***Anthony I. Paronich***
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510

anthony@paronichlaw.com

Defendant/Third-Party Plaintiff:

***Michael S. Bergerson Jr. (IL No. 6302397)***
Sarah E. Brown (IN No. 35715-53)
Mariana Renke (IL No. 6349997)
One North Wacker Drive, Ste. 4400
Chicago, IL 60606-2833
(312) 357-1313
mbergerson@btlaw.com
sarah.brown@btlaw.com
mariana.renke@btlaw.com

Third-Party Defendant:

***Simon A. Fleischmann (6274929)***
Erin E. Edwards
Troutman Pepper Locke LLP
Suite 4100
Chicago, IL 60606
(312) 759-1665
simon.fleischmann@troutman.com
erin.edwards@troutman.com

(lead trial counsel bolded and italicized)

**B. Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third-party claims.**

Plaintiff has brought this putative class action against Altrua under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The Plaintiff had no relationship with the Defendant Altrua but alleges that he received pre-recorded calls from Altrua.

Defendant Altrua denies any wrongdoing. Altrua filed an Answer on June 12, 2025, generally denying the substantive allegations in the complaint and asserting various defenses, including that it did not place any calls that Plaintiff allegedly received.

Altrua has also filed a third-party complaint, pursuant to Fed. R. Civ. P. 14, against Third-Party Defendant Crown. Crown's deadline to Answer the Third-Party Complaint is October 6, 2025. Altrua and Crown are in active discussions to resolve the Third-Party Complaint.

2

C. **Briefly identify the major legal and factual issues in the case.**

**Plaintiff:**

- Whether plaintiff and putative class were sent pre-recorded calls;

- Whether the calling conduct at issue is appropriate for class certification pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3);

- Whether the Defendant's conduct was "knowing or willful";

- Whether calls were made with consent;

- Whether the alleged calls at issue are telemarketing;

**Defendant:**

- Whether Plaintiff initiated contact with Altrua and/or provided consent to receive the communications;

- Whether Altrua made any calls to Plaintiff or Plaintiff's cellular telephone number;

- Whether the putative class should be certified pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3);

D. **State the relief sought by any of the parties.**

The Plaintiff seeks to certify the following class:

All persons throughout the United States (1) to whom Altrua Ministries dba Altrua HealthShare placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person with an account with Altrua Ministries dba Altrua HealthShare, (3) in connection with which Altrua Ministries dba Altrua HealthShare used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

Plaintiff's calculations of damages will depend on information received in discovery, including the number of calls made. Specifically, Plaintiff is entitled to an award of $500 in statutory damages for each violation of the statute. Statutory damages under the TCPA may be

3

trebled if the Court, in its discretion, deems that a defendant "willfully or knowingly" violated the TCPA. Altrua denies that Plaintiff is entitled to this requested relief and denies that the case be maintained as a class action.

Altrua denies any liability, that Plaintiff is entitled to any damages, or that class certification is warranted under Federal Rule of Civil Procedure 23. Altrua has filed a Third-Party Complaint requesting a judgment declaring that, pursuant to the Agreement, Crown must indemnify, defend, and hold harmless Altrua from and against the allegations in Plaintiff's Complaint, and for any damages it sustained, including the expenses of litigation. Altrua and Crown are in active discussions to resolve the Third-Party Complaint.

2. **Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).**

   A. **Identify all federal statutes on which federal question jurisdiction is based.**

   The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

   B. **If jurisdiction over any claims is based on diversity or supplemental jurisdiction:**

   (1) **State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).**

   Altrua's Third-Party Complaint: Plaintiff purports to represent a class of individuals who received unwanted calls purportedly from Altrua. Given the TCPA's potential treble damages, a class as small as 50 members would exceed the jurisdictional threshold of $75,000 in 28 U.S.C. § 1332.

   (2) **Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.**

   Altrua is an Illinois corporation with its principal place of business in Texas.

4

Crown is a Delaware corporation with its principal place of business in Texas.

3. **Status of Service:**

Plaintiff served the summons and Complaint on Altrua via registered agent on April 7, 2025. Altrua answered Plaintiff's complaint on June 12, 2025 (ECF 11). Altrua served its third-party summons and third-party complaint on Crown via process server on June 23, 2025. Crown's deadline to answer the Third-Party Complaint is October 6, 2025.

4. **Motions:**

　　A. **Briefly describe any pending motions.**

No motions are currently pending.

　　B. **State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**

Altrua filed an answer and third-party complaint on June 12, 2025.

Crown intends to respond to the Third-Party Complaint by filing an Answer or a motion to compel arbitration on or by October 6, 2025, subject to pending negotiations with Altrua regarding resolution of the claims against Crown.

5. **Case Plan:**

　　A. **Submit a proposal for a discovery plan, including the following information:**

　　　　(1) **The general type of discovery needed;**

　　　　(2) **A date for Rule 26(a)(1) disclosures;**

　　　　(3) **First date by which to issue written discovery;**

　　　　(4) **A fact discovery completion date;**

　　　　(5) **A proposed deadline for amended pleadings; and**

　　　　(6) **An expert discovery completion date, including dates for the**

5

    **delivery of expert reports.**

  **Plaintiff:** The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 to support his anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims to prepare for trial, or to oppose any summary judgment motion that the Defendant may file. The Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto.

  Plaintiff intends to submit expert testimony relevant to class certification and that expert discovery prior to class certification will likely be necessary as a result.

  **Defendant:** Defendant will seek from Plaintiff, and/or relevant non-parties, documents and communications sufficient to demonstrate this case is unsuited for class certification under Fed. R. Civ. P. 23 and that Altrua did not place any calls that violated the TCPA, including but not limited to the following: (1) ESI regarding the subscriber and customary user of telephone number (732) XXX-2230; (2) ESI and other documents related to Plaintiff's interactions with Altrua, Plaintiff's receipt of other unwanted calls from telemarketers; (3) ESI and other discovery related to grievances or opt out forms submitted by Plaintiff; (4) ESI and other documents related to the alleged prerecorded nature of the phone calls; (5) ESI and other documents related whether Altrua authorized those calls, how they were made, and the script used during those calls; (6) ESI and other documents related to whether Plaintiff is an adequate and typical member of the proposed class, (7) ESI and other documents related to Plaintiff methods for identifying so-called "wrong

numbers" among the relevant calls, and (8) whether the members of Plaintiff's purported class are sufficiently numerous and commonly situated to justify class certification.

Altrua intends to submit expert testimony relevant to class certification; therefore, expert discovery prior to class certification will likely be necessary as a result.

The Parties propose the following schedule related to Plaintiff's Complaint up-to class certification:

| Event | Deadline |
|---|---|
| Deadline to issue Rule 26(a)(1) disclosures | October 24, 2025 |
| Close of Fact Discovery | April 24, 2026 |
| Deadline for Disclosure Plaintiff's Expert Reports | May 25, 2026 |
| Deadline for Disclosure of Defendant's Expert Reports | June 25, 2026 |
| Deadline for Reply Expert Reports | July 10, 2026 |
| Close of Expert Discovery | July 31, 2026 |
| Deadline for Plaintiff to Move for Class Certification | August 31, 2026 |
| Deadline to file Dispositive Motions | *To be determined after resolution of Plaintiff's motion for class certification.* |

Because some of the topics of discovery will require the production of confidential and commercially-sensitive business information, the Parties will submit a proposed confidentiality order for the Court's consideration.

    **B.   With respect to trial, indicate the following:**

        (1) **Whether a jury trial is requested; and**

        (2) **The probable length of trial.**

As to Plaintiff's Complaint, Plaintiff and Defendant have both requested a jury trial. The Parties believe that it is premature to estimate the length of trial prior to a determination regarding class certification and the size and scope of any certified class. The Parties propose to confer regarding this issue after the Court rules on any motion for class certification.

6. **Consent Settlement Discussions:**

   A. **The court strongly encourages the parties to consider consenting to the jurisdiction of the assigned Magistrate Judge. Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge and state whether all parties unanimously consent to do so**

   The parties do not unanimously consent to proceed before the Magistrate Judge.

   B. **Describe the status of any settlement discussions and whether the parties request a settlement conference.**

Altrua has initiated settlement correspondence with Plaintiff; however, Plaintiff has indicated that he is only interested in resolution of the claims asserted in the Complaint on a class wide basis, which will require some discovery for the parties to be prepared to further discuss settlement.

Altrua and Crown are in negotiations regarding resolution of the claims asserted by Altrua in the Third-Party Complaint.

Dated: October 3, 2025                                  Respectfully submitted,

By: */s/ Anthony Paronich*                              By: */s/ Michael S. Bergerson*
Anthony I. Paronich                                     Michael S. Bergerson (IL No. 6302397)
Paronich Law, P.C.                                      Sarah Brown (IN No. 35715-53)
350 Lincoln Street, Suite 2400                          Mariana Renke (IL No. 6349997)
Hingham, MA 02043                                       Barnes & Thornburg LLP
(617) 485-0018                                          One North Wacker Drive, Suite 4400
anthony@paronichlaw.com                                 Chicago, IL 60606-2833
                                                        Tel.: (312) 357-1313
*Attorney for Plaintiff*                                mbergerson@btlaw.com
                                                        sarah.brown@btlaw.com

mariana.renke@btlaw.com

*Attorneys for Defendant / Third-Party Plaintiff Altrua Ministries dba Altrua HealthShare*

By: */s/ Simon A. Fleischmann*
Simon A. Fleischmann
Erin E. Edwards
Troutman Pepper Locke LLP
Suite 4100
Chicago, IL 60606
(312) 759-1665
simon.fleischmann@troutman.com
erin.edwards@troutman.com

*Attorneys for Third-Party Defendant Crown Administrators, Inc. dba Health Admins*