IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NICHOLAS FINLEY, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ALTRUA MINISTRIES d/b/a ALTRUA HEALTHSHARE<br><br>    Defendant / Third-Party Plaintiff,<br><br>v.<br><br>CROWN ADMINISTRATORS, INC. d/b/a HEALTH ADMINS,<br><br>    Third-Party Defendant. | Case No. 1:25-cv-03653<br><br>Hon. Jeffery I. Cummings |

**CROWN ADMINISTRATORS, INC. D/B/A HEALTH ADMINS' ANSWER AND
AFFIRMATIVE DEFENSES TO THIRD-PARTY COMPLAINT**

Third-Party Defendant Crown Administrators, Inc. d/b/a Health Admins, by and through counsel, Troutman Pepper Locke LLP, submits the following answer and affirmative defenses to Third-Party Plaintiff Altrua Ministries d/b/a Altrua Healthshare's third-party complaint (Dkt. 13).

**PARTIES**

1. Third-Party Plaintiff Altrua is an Illinois corporation with its principal place of business in Texas.

ANSWER: Crown is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 1 and, therefore, denies the same.

2. Third-Party Defendant Crown is a Delaware corporation with its principal place of business in Texas.

320753810v1

ANSWER: Crown admits that it is a Delaware corporation with its principal place of business in Texas.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over these third-party claims pursuant to 28 U.S.C. § 1367 because such claims are so related to the underlying action that they form part of the same case or controversy as the complaint in the underlying suit styled as *Finley v. Altrua Ministratries d/b/a Altrua HealthShare,* No. 1:25-cv-03653 (N.D. Ill.).

ANSWER: The allegations in Paragraph 3 contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

4. Venue is proper in this Court because a substantial part of the events giving rise to this claim occurred in this district.

ANSWER: The allegations in Paragraph 4 contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

## GENERAL ALLEGATIONS
### Altrua's Relationship with Crown

5. Since 2018, Altrua has contracted with a third-party administrator, Crown, who (among other services) handles all of Altrua's sales and marketing communications.

ANSWER: The allegations set forth in Paragraph 5 refer to documents that speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

6. Most recently, on January 1, 2022, Altrua and Crown executed a Sales and Marketing Services Agreement ("Agreement"), which governs their relationship. A true and correct copy of the Agreement is attached as **Exhibit A**.

ANSWER: The allegations set forth in Paragraph 6 refer to documents that speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

320753810v1

7. The Agreement provides that Crown will conduct sales and marketing services on behalf of Altrua and only as authorized by Altrua. *Id.* § 1.

ANSWER: The allegations set forth in Paragraph 7 refer to documents that speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

8. Per the Agreement, Crown is an independent contractor performing services for Altrua and is not Altrua's "agent, partner, associate, joint venture nor employee[.]" *Id.* § 4.

ANSWER: The allegations set forth in Paragraph 8 refer to documents that speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

9. As part of the Agreement, Crown agreed to comply with "good and ethical business practices" along with "all applicable federal, state and local requirements and standards." *Id.* § 5.b.

ANSWER: The allegations set forth in Paragraph 9 refer to documents that speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

10. Crown also agreed to "to conduct its operations in accordance with the compliance procedures established by the Company, as may be amended and implemented from time to time." *Id.* § 1.D.

ANSWER: The allegations set forth in Paragraph 10 refer to documents that speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

11. Crown agreed further to "communicate and cooperate with [Altrua] in the performance of its duties and responsibilities under this Agreement in furtherance of [Altrua's] provision of the Health Care Sharing Ministry." *Id.* § 5.b.

ANSWER: The allegations set forth in Paragraph 11 refer to documents that speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

12. To help Crown perform its services pursuant to the Agreement, Altrua granted Crown a limited license to use Altrua's intellectual property; Crown was permitted to use Altrua's data and intellectual property *only* in the "performance of Crown's obligations under [the] Agreement," and in the limited scope set forth under that Agreement. *Id.* § 7.a.

ANSWER: The allegations set forth in Paragraph 12 refer to documents that speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

13. As part of the Agreement, Crown agreed to defend, indemnify, and hold harmless Altrua from all claims and corresponding damages, including from claims arising from breaches of the Agreement as well as from violations of state or federal law such as the TCPA. *Id.* § 17.

ANSWER: The allegations set forth in Paragraph 13 refer to documents that speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

14. Specifically, the Agreement provides:

> To the extent not caused by [Altrua], Crown shall ***defend, indemnify and hold harmless*** [Altrua] and its affiliates and subcontractors and their respective directors and officers (the "indemnitees") from and against ***any and all claims, demands, losses liabilities, fines, penalties, expenses and damages (including reasonable attorneys' fees and court costs)*** which Indenmitee may suffer or incur as a result of (i) any negligence, willful and wanton, fraudulent, or criminal act or omission of Crown in the performance of its duties and obligations under this Agreement; (ii) Crown's failure to comply with local, state, or federal law, (iii) Crown's breach of confidentiality or right of privacy of any member, or (iv) Crown's material breach of this Agreement. This indemnity shall survive termination of this Agreement.

*Id.* (emphasis added).

ANSWER: The allegations set forth in Paragraph 14 refer to documents that speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

15. As part of the Agreement, and as part of the parties' regular pattern and practice, Crown and any agents or sub-contractors are required to maintain records of all calls made pursuant to the Agreement and any notes about those calls, and enter those call records and notes into Altrua's

Salesforce system, so that Altrua can access and track call data related to the marketing and sales services provided by Crown.

ANSWER: The allegations set forth in Paragraph 15 refer to documents that speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

16. As part of the Agreement, and as part of the parties' regular pattern and practice, Crown was not permitted to make calls using marketing scripts unless they were first reviewed and approved by Altrua.

ANSWER: The allegations set forth in Paragraph 16 refer to documents that speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

## Mr. Finley's Complaint and Crown's Liability

17. On or about April 4, 2025, Nicholas Finley filed a complaint (the "Finley Complaint"), on behalf of himself and a putative class, alleging Altrua violated the Telephone Consumer Protection Act (the "TCPA").

ANSWER: The allegations set forth in Paragraph 17 refer to documents that speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

18. In the Finley Complaint, Finley claims that in December 2024, he received multiple phone calls from Altrua on his personal cellular telephone line, (732) XXX-2230. (Compl. ¶¶ 12-19, Dkt. No. 1.)

ANSWER: The allegations set forth in Paragraph 18 refer to documents that speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

19. Finley alleges that the phone calls he received used an artificial or prerecorded voice and the following script:

> Hello, I'm Eva, your AI helper calling you from Altrua Healthshare on a recorded line because you requested information about low-cost health options.

320753810v1

> We're here to help. Please call us back to discuss how we can support you in this matter.

*(Id. ¶¶ 17-19.)*

ANSWER: The allegations set forth in Paragraph 19 refer to documents that speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

20. Altrua denies Finley's allegations that it violated the TCPA and that it made any of the allegedly violative phone calls to Mr. Finley or the phone number (732) XXX-2230. *(See, e.g.,* Answer ¶¶ 13-32, Dkt. No. 11.)

ANSWER: The allegations set forth in Paragraph 20 refer to documents that speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

21. Altrua did not place any of the phone calls that Mr. Finley alleged that he received.

ANSWER: Crown is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 21 and, therefore, denies the same.

22. To the extent the phone calls to Mr. Finley did occur as alleged, such calls would have been placed by Crown or one of its subcontractors or agents.

ANSWER: Crown denies the allegations in Paragraph 22.

23. Moreover, if such alleged calls were in fact placed by Crown or one of its subcontractors or agents, such calls would have violated the Agreement because the script alleged by Finley was never written, reviewed, or approved by Altrua.

ANSWER: The allegations set forth in Paragraph 23 contain statements or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied. Crown further denies all allegations that it violated any agreement between Altrua and Crown.

24. Upon information and belief, in December 2024, the period in which Finley alleges he was improperly contacted by Altrua, Crown tested an AI-powered voice assistant technology for outgoing calls that was never disclosed to or approved by Altrua.

ANSWER: Crown denies the allegations set forth in Paragraph 24.

25. Upon information and belief, Crown tracked and logged all of these "test" calls off-system, instead of in Altrua's Salesforce database as required.

ANSWER: Crown denies the allegations set forth in Paragraph 25.

26. Altrua, never approved or ratified Crown's use of AI technology in its services under the Agreement and never granted Crown permission to use Altrua's proprietary marketing data (including but not limited to marketing leads) for any testing purposes.

ANSWER: Crown denies the allegations in Paragraph 26.

27. Indeed, Altrua had no knowledge of such activities by Crown prior to receiving service of the Finley Complaint.

ANSWER: Crown denies that "such activities" occurred and therefore denies the allegations in Paragraph 27.

28. On May 13, 2025, Altrua provided formal written notice of the Finley Complaint and relevant allegations and requested that Crown agree to indemnify Altrua for any liability it may bear with respect to Finley's claim, pursuant to Section 17 of the Agreement.

ANSWER: The allegations set forth in Paragraph 28 refer to documents that speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

29. To date, Crown has not responded to Altrua's letter or demand for indemnity.

ANSWER: Crown denies the allegations in Paragraph 29.

## COUNT ONE
### Declaratory Judgment Pursuant to 28 U.S.C. § 2201(a)

30. Altrua incorporates by reference Paragraphs 1 through 29 as if fully set forth herein.

ANSWER: Crown adopts and incorporates its responses to the previous paragraphs as if fully set forth herein.

31. The Agreement between Altrua and Crown requires Crown to indemnify, defend, and hold harmless Altrua against any and all loss, cost, damage, expense, or liability of any kind incurred by "Crown's failure to comply with local, state, or federal law." **Exhibit A** § 17.

ANSWER: The allegations set forth in Paragraph 31 refer to documents that speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

32. The Agreement also requires Crown to indemnify, defend, and hold harmless Altrua against any and all loss, cost, damage, expense, or liability of any kind incurred by "Crown's material breach of this Agreement." *Id.*

ANSWER: The allegations set forth in Paragraph 32 refer to documents that speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

33. Finley alleges that phone calls were placed to his cellular telephone using a prerecorded or artificial voice, in violation of the TCPA.

ANSWER: The allegations set forth in Paragraph 33 refer to documents that speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

34. To the extent any of the phone calls alleged in the Complaint violated the TCPA, these violations were caused by Crown, not Altrua.

ANSWER: Crown denies the allegations in Paragraph 34.

35. Altrua demanded that Crown indemnify and defend Altrua in the lawsuit.

ANSWER: The allegations set forth in Paragraph 35 refer to documents that speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

36. Crown has failed to acknowledge or agree to its indemnification obligations under the Agreement.

ANSWER: Crown denies the allegations in Paragraph 36.

37. As a result, Altrua has incurred and continues to incur legal expenses required to defend itself against Finley's claims, for which Crown is responsible.

ANSWER: Crown is without sufficient knowledge or information regarding the legal expenses incurred by Altrua with respect to Mr. Finley's claims. Crown denies the remaining allegations in Paragraph 37, including specifically that Crown is responsible for said legal expenses.

38. Pursuant to the Declaratory Judgment Act, this Court has the power to declare the rights and other legal relations of any interested party. *See* 28 U.S.C. § 2201(a).

ANSWER: The allegations in Paragraph 38 contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

39. Because the allegations in the Finley Complaint allege conduct that could have only been caused by Crown, the Court should enter a judgment declaring that Crown must indemnify, defend, and hold harmless Altrua pursuant to the Agreement.

ANSWER: Crown denies the allegations in Paragraph 39.

## COUNT TWO
### Breach of Contract

40. Altrua incorporates by reference Paragraphs 1 through 39 as if fully set forth herein.

ANSWER: Crown adopts and incorporates its responses to the previous paragraphs as if fully set forth herein.

320753810v1

41. Altrua and Crown entered into the Agreement, which is a valid and enforceable contract.

ANSWER: The allegations set forth in Paragraph 41 contain statements or conclusions of law, to which no response is required.

42. The Agreement required Crown to act in accordance with business and ethical standards as well as comply with all federal, state, and local laws. **Exhibit A** § 5.b.

ANSWER: The allegations set forth in Paragraph 42 refer to documents that speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

43. Crown also agreed to "to conduct its operations in accordance with the compliance procedures established by the Company, as may be amended and implemented from time to time." *Id.* § 1.D.

ANSWER: The allegations set forth in Paragraph 43 refer to documents that speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

44. Crown agreed to use Altrua's data and intellectual property only in the "performance of Crown's obligations under [the] Agreement[.]" *Id.* § 7.a.

ANSWER: The allegations set forth in Paragraph 44 refer to documents that speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

45. Further, in the Agreement, Crown expressly agreed to indemnify and hold Altrua harmless for any liability, damages, or harm that arose out of its obligations under the Agreement. *Id.* at § 17.

ANSWER: The allegations set forth in Paragraph 45 refer to documents that speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

46. To the extent, any of the phone calls alleged in the Complaint violated the TCPA, they were placed by Crown, and would therefore be in violation of the Agreement.

ANSWER: Crown denies the allegations in Paragraph 46.

47. Crown has also failed to indemnify Altrua, in violation of the Agreement.

ANSWER: Crown denies the allegations in Paragraph 47.

48. Crown has also misappropriated Altrua's intellectual property in violation of the Agreement by using, among other things, Altrua's membership or prospective membership data in an unauthorized AI program that used a marketing script that was never approved by Altrua.

ANSWER: Crown denies the allegations in Paragraph 48.

49. As a result of Crown's breach of the Agreement, Altrua has been damaged in an amount to be proven at trial based on facts alleged herein, including, but not limited to, all attorneys' fees and costs incurred in defending itself in this action as well as the amount of any damages awarded to Finley in which Altrua bears responsibility to pay.

ANSWER: Crown denies the allegations in Paragraph 49.

## PRAYER FOR RELIEF

WHEREFORE, Altrua prays for the following relief:

(a) A trial on all issues so triable;

(b) That the Court enter a declaratory judgment that, pursuant to the Agreement, Crown must indemnify, defend, and hold harmless Altrua from and against the allegations in the Finley Complaint, including Altrua's costs of defending the allegations alleged in the Finley Complaint and any demands, liabilities, fines, penalties, judgments, expenses and damages that may result from the same;

(c) That Altrua be awarded any damages it sustained as a result of Crown's breach of the Agreement, including Crown's unauthorized use of AI technology and/or artificial or prerecorded voice in outbound calls using Altrua's intellectual property;

(d) That Altrua be awarded its expenses of litigation, including reasonable attorneys' fees and costs, incurred in the underlying litigation; and

(e) That the Court award such other and further relief as the Court deems just and appropriate under the circumstances.

ANSWER: Crown denies that Altrua is entitled to any of the relief requested in the portion of the third-party complaint titled "Prayer for Relief" and the unnumbered "WHEREFORE" paragraph, including subparagraphs (a) through (e).

## Affirmative and Other Defenses

Crown hereby sets forth the following affirmative and other defenses to the third-party complaint. By asserting the defenses below, Crown does not allege or admit that it has the burden of proof and/or burden of persuasion with respect to any of these defenses. Nor does Crown admit that Altrua is relieved of the burden to prove each and every element of its claims and the damages, if any, to which Altrua is entitled. Crown reserves the right to amend its affirmative and other defenses to Altrua's third-party complaint to conform to the evidence as determined in discovery or at trial.

1. Altrua's claims fail to the extent that the complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Crown and fails to state facts sufficient to entitle Altrua to the relief sought therein. The third-party complaint should therefore be dismissed pursuant to Fed. R. Civ. P. 12. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

320753810v1

(2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Crown reserves the right to file a dispositive motion seeking dismissal of all Altrua's claims.

2. Crown denies that Altrua sustained any damages and denies that is proximately caused any of the damages claimed by Altrua.

3. Altrua cannot recover from Crown to the extent that any damages that Altrua may have suffered, which Crown continues to deny, directly and proximately resulted from Altrua's acts and/or omissions.

4. Altrua cannot recover from Crown to the extent that any damages Altrua may have or will suffer as alleged in the complaint, which Crown continues to deny, have been and/or will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts and/or omissions of persons or entities over whom Crown had no control, and for whose conduct Crown is not responsible, which bars or diminishes any recovery by Altrua against Crown.

5. Altrua's claims are barred, in whole or in part, to the extent that Altrua failed to mitigate any alleged damages.

6. Altrua's claims fail to the extent that, at all times relevant with respect to Altrua, Crown acted reasonably and in good faith and without any malice or intent to injure Altrua or to violate applicable federal and/or state law.

7. Altrua's claims are barred in whole or in part, or any recovery should be reduced because Altrua ratified the alleged conduct at issue.

8. Altrua has agreed to arbitrate this dispute in the parties' Sales and Marketing Services Agreement dated January 1, 2022. Thus, this matter should be stayed pending arbitration. No action by Crown shall be construed as a waiver of its rights to arbitrate this dispute.

9. Altrua is estopped by its conduct from enforcing the indemnification terms of the parties' Sales and Marketing Services Agreement dated January 1, 2022.

10. Crown reserves the right to assert additional defenses (affirmative and otherwise) as this action progresses and reserves the right to rely upon any and all defenses (affirmative and otherwise) as may become known through discovery or at trial.

11. Altrua's claims are barred to the extent that venue in this Court is improper.

Dated: October 6, 2025

Respectfully submitted,

**Crown Administrators, Inc.**

*/s/ Erin E. Edwards*
Simon Fleischmann
Erin E. Edwards
TROUTMAN PEPPER LOCKE LLP
111 South Wacker Drive, Suite 4100
Chicago, IL 60606
Telephone No.: 312.443.0700
Email: simon.fleischmann@troutman.com
erin.edwards@troutman.com

*Counsel for Third-Party Defendant Crown Administrators, Inc.*

320753810v1

## **CERTIFICATE OF SERVICE**

I certify that on October 6, 2025, I electronically filed the foregoing Crown Administrators, Inc. d/b/a Health Admins' Answer and Affirmative Defenses to the Third-Party Complaint with the Clerk of the Court using the ECF system, which will send notice to all counsel of record.

*/s/ Erin E. Edwards*
Erin E. Edwards
